# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| **ESTATE OF DONALD F. STASK,** **C/O ADMINISTRATOR JUDITH STASK** **4093 Beverly Hills Drive** **Brunswick, Ohio 44212** | Case No. |
| **Plaintiff,** | **JUDGE** |
| **vs.** | **COMPLAINT** |
| **CLEVELAND VETERANS' ADMINISTRATION MEDICAL CENTER** **10701 East Boulevard** **Cleveland, Ohio 44106** | (TRIAL BY JURY DEMAND) |
| **and** | |
| **DRIVE COMPANY** **99 Seaview Boulevard** **Port Washington, New York 11050** | |
| **and** | |
| **HEALTH AID OF OHIO** **5390 Commerce Parkway** **Parma, Ohio 44130** | |
| **and** | |
| **JOHN DOE CORPORATION** **C/O Cleveland Veterans Administration Medical Center** **10701 East Boulevard** **Cleveland, Ohio 44106** | |
| **Defendants.** | |

COMPLAINT (TRIAL BY JURY DEMAND) - 1

**PARTIES**

1) The Plaintiff's Estate of Donald F. Stask is administered by Judy Stask, the wife of decedent Donald F. Stask, on behalf of herself and her two adult children, namely Heather Stask and Richard Stask.

2) Defendant Cleveland Veterans Administration Medical Center is the organization that's selected, ordered, supplied, delivered and installed the Drive full electric lightweight bariatric bed for decedent Donald F Stask.

3) Defended the Drive company manufactured and designed the Drive full electric lightweight bariatric bed provided to decedent Donald F. Stask.

4) Defendant Health Aid of Ohio supplied, delivered and installed the Drive full electric lightweight bariatric bed in decedent Donald F. Stask's home on July 31, 2024.

5) Defendant John Doe Corporation is currently unknown and will be identified during the course of discovery

**STATEMENT OF FACTS**

6) Plaintiff states that on July 31, 2024, Defendants negligently supplied, provided and installed the defective Drive full electric lightweight bariatric bed (hereafter the bed) in decedent's home for use by the decedent Donald F. Stask who was bedridden and disabled

7) Plaintiff states that decedent Donald F. Stask served in the United States Air Force until his retirement and that he represented The United States Air Force while serving his tours of duty in Vietnam during the Vietnam War. Plaintiff states Donald F. Stask had honorably retired from both the United States Air Force and subsequently retired from The United States Postal Service

8) Plaintiff states decedent Donald F. Stask was reclining in the Defendants' bed when he turned over to his right side for treatment on August 1, 2024. On August 1, 2024, the bed's defective railing gave way when the decedent Donald F. Stask leaned against the railing thereby causing the decedent Donald F. Stask to fall out of the bed and down to the floor proximately causing Donald F. Stask to sustain significant personal injuries and sustained a loss of consciousness when he fell on the floor when the Defendants' bed defective railing gave way.

COMPLAINT (TRIAL BY JURY DEMAND) - 2

9) Decedent Donald F. Stask was taken by ambulance from his home to the hospital where he underwent extensive medical care for his injuries.  Decedent Donald F. Stask died in the hospital on August 14, 2024, from his personal injuries sustained from his fall from the Defendants' defective bed on August 1, 2024.

## LIABILITY AND CAUSES OF ACTION

10) The Federal Tort Claim Act (28 US code section 2674) waives the sovereign immunity defense of the United States which thereby allows people to sue the federal government for personal injuries and death relying on the product liability laws of the State of Ohio where the negligence occurred in this case.

11) Plaintiff states the standard form 95 (SF-95) was timely submitted to the Veterans Administration which failed to ever respond to the Plaintiff's standard 95 (SF-95) form

12) Plaintiff states the Defendant Veterans Administration Medical Center and Defendant Health Aid of Ohio negligently selected, supplied, installed and provided the defective bed to decedent Donald F. Stask in violation of Ohio Revised Code 2307.78.

13) Plaintiff is pursuing this survivorship liability claim against the negligent Defendants pursuant to Ohio Revised Code section 2307.71 (A) and Ohio Revised Code Section 2125 in this Ohio product liability claim. Ohio Product Liability Act is found in Ohio Revised Code Sections 2307.71 through 2307.80 which are applicable in this case.

14) Plaintiff states the Defendants negligently designed the defective bed in violation of Ohio Revised Code section 2307.71 and Ohio Revised Code section 2307.75. Plaintiff states the proper design of the defective bed would have prevented the decedent Donld F. Stask from sustaining his personal injuries and his wrongful death when the defective bed railing gave way. Plaintiff states the defective bed was inherently unsafe.

15) Plaintiff states the Defendants negligently manufactured the defective bed proximately causing decedent Donald F. Stask's personal injuries and wrongful death in violation of Ohio Revised Code section 2307.73 and 2307.74.

16) Plaintiff states the Defendants negligently failed to provide adequate warnings to the decedent Donald F. Stask in violation of Ohio revised Code sections 2307.76 and 2307.77. The Defendants should have known in the exercise of ordinary care about the foreseeable risks or hazards which the Defendants negligently failed to warn decedent Donald F. Stask, where a reasonable Defendant would have taken steps to warn about the foreseeable risks

COMPLAINT (TRIAL BY JURY DEMAND) - 3

of harm to the decedent Donald F. Stask. The Defendants' defective bed lacked safety warnings brought to the attention of decedent Donald F. Stask.

17) Plaintiff states the Defendants' bed was defective as the bed did not conform to the Defendants' representations in violation of Ohio Revised Code section 2307.77 and 2307.78.

18) Plaintiff states that the Defendants' defective bed negligently did not comply with applicable safety standards which was a violation of Ohio Revised Code section 2307.75

19) Plaintiff states that the Defendants' defective bed negligently did not conform to the representations made by the Defendants in violation of Ohio Revised Code section 2307.77.

20) Plaintiff states the Defendants disregarded the foreseeable risks of harm to decedent Donald F. Stask which amounted to a negligent disregard of decedent Donald F. Stask's safety in violation of Ohio Revised Code section 2307.80. The harm to decedent Donald F. Stask was foreseeable to reasonable Defendants and was a recognizable risk of harm to the decedent for his use of the Defendants' defective bed.

21) Plaintiff states the Defendants are strictly liable for the Defendants' negligence for suppling a defective bed with the disregard of the safety of the bed's user proximately causing decedent Donald F. Stask's personal injuries and for his wrongful death pursuant to Ohio Revised Code section 2307.75 when the decedent Donald F. Stask was using the Defendants' defective bed as intended. The Defendants breached their duty of care for safety owed to the defective bed's users.

## DAMAGES

22) Wherefore Plaintiff states the Estate of Donald F. Stask is entitled to compensatory damages against the Defendants pursuant to Ohio revised code 2307.73 and 2307.78 in an amount in excess of $25,000.00.

23) Wherefore Plaintiff states the estate of Donald F. Stask is entitled to punitive damages against the Defendants pursuant to Ohio Revised Code 2307.80 in an amount in excess of $25,000.00 plus attorney's fees and the costs of this litigation

24) Wherefore Plaintiff requests a trial by a jury of eight (8) pursuant to Rule 38 of the Ohio Rules of Civil Procedure.

COMPLAINT (TRIAL BY JURY DEMAND) - 4

/s/ Carl G. McMahon

**CARL G. MCMAHON (0001304)**
6497 Brecksville Road
Independence, OH 44131-3419
Phone:          (216) 264-1180
Direct:          (216) 264-1181
Fax:          (216) 264-1187
Email:          cgmlaw64@gmail.com
*Attorney for Plaintiff*
*Judy Stask for Donald F. Stask Estate*

COMPLAINT (TRIAL BY JURY DEMAND) - 5